# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| JOSHUA TAPER, | : | Case No. 1:24-cv-602 |
| Petitioner, | : | |
| vs. | : | District Judge Michael R. Barrett |
| | : | Magistrate Judge Kimberly A. Jolson |
| DOUGLAS LUNEKE, WARDEN, | : | |
| Respondent. | : | |

## ORDER AND REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner has also moved for leave to proceed *in forma pauperis.* (Docs. 3, 8). Petitioner's motion for leave to proceed *in forma pauperis* (Docs. 3, 8) is **GRANTED**. For the reasons that follow, however, it is **RECOMMENDED** that the Petition (Doc. 1) be **DISMISSED without prejudice** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4") for failure to exhaust state remedies.

Further, for the reasons below, Petitioner's motion for extension of time to pay the filing fee (Doc. 9) is **DENIED as moot**; and his motion for "undue delay" (Doc. 11), which the Court understands to be a motion to "amend[] new details to support his habeas" Petition (Doc. 11, at PageID 127) is **GRANTED**. By separate Order, Petitioner's motion for a control number and a civil rights form (Doc. 12) was granted in part and denied in part. In that entry (Doc. 15), the Court ordered that Petitioner's mail in this case is legal mail under *Sallier v. Brooks*, 343 F.3d 868, 877 (6th Cir. 2003).

**Petitioner's Habeas Corpus Petition**

This is Petitioner's second Petition in federal court for habeas corpus relief. His first Petition was dismissed on July 17, 2024, for failure to exhaust state remedies. *Taper v. Warden*, No. 1:24-cv-184 (S.D. Ohio) (Barrett, J; Jolson, MJ) (Docs. 30; 33; 34).[1] For the reasons stated below, Petitioner's claims remain unexhausted, and this action should also be dismissed without prejudice.

I.  **Procedural History**

Petitioner is currently confined at the Lebanon Correctional Institution. (Doc. 1, at PageID 1). He is challenging his conviction and sentence to 14 years in the Ohio Department of Corrections following his guilty plea to the offense of involuntary manslaughter with a gun specification in Hamilton County Court of Common Pleas Case No. B1406354. (*Id*. at PageID 1, 3; *see also* Hamilton County Court of Common Pleas' April 23, 2015 Docket Entry in Case No. B1406354).[2] Petitioner did not appeal his conviction or sentence. (Doc. 1, at PageID 3).

In October 2022, Petitioner filed a motion for judicial release. (*See* Case No. 1:24-cv-184 (Doc. 29), at PageID 367). The trial court denied the motion on January 16, 2024, following a hearing. (*Id*. at PageID 371; *see also id.* (Doc. 1-4, at PageID 59–60)). Petitioner did not appeal the denial of his motion for judicial release. (*Id*. at PageID 367).

In April 2024, petitioner filed his first federal habeas petition in Case No. 1:24-cv-184,

---

[1]Because Petitioner's first federal habeas Petition was dismissed without prejudice for failure to exhaust state remedies, the instant Petition does not qualify as a second or successive petition under 28 U.S.C. § 2244(b)(1). *See Norris v. Konteh*, 67 F. Supp. 2d 833, 836 (N.D. Ohio 1999) (citing *Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1998)).

[2]Viewed at: https://www.courtclerk.org/data/case_summary.php?sec=history&casenumber=B+1406354&submit.x=4&submit.y=16, by searching under Petitioner's name and Case No. B1406354. The Court may take judicial notice of proceedings in its own and other courts of record. *See Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82 83 (6th Cir. 1969)). *See also National Union Fire Ins. Co. v. VP Bldgs., Inc.*, 606 F.3d 835, 839 n.2 (6th Cir. 2010); *Lyons v. Stovall*, 188 F.3d 327, 333 n.3 (6th Cir. 1999).

raising the following two grounds for relief:

> **GROUND ONE:** Violation of Fourteenth Amendment.
>
> **Supporting Facts:** In 9/4/14 Petitioner was a child with no legal guardian nor lawyer present. When he was taken in for questioning 10 years ago. Petitioner ask for attorney but the detectives refused to release petitioner from state custody. They proceeded with kidnapping an unlawfully arrested petitioner.
>
> **GROUND TWO:** Petitioner was convicted unlawfully due to State [of] Ohio using unlawfully obtained confession to convict Petitioner on a breach contract violating Plaintiff procedural due process.
>
> **Supporting Facts:** Petitioner lawyers and Prosecutor on the case withheld exculpatory evidence from Petitioner to force Petitioner to sign a breach contract as a child.

(Case No. 1:24-cv-184 (Doc. 29), at PageID 368–70).

As set forth above, Petitioner's first Petition was dismissed for failure to exhaust available state remedies. (Case No. 1:24-cv-184 (Docs. 30; 33; 34)). In the Court's rulings in that case, Petitioner was informed of two remedies still available to him. Specifically, in a Report and Recommendation that was adopted in its entirety by the District Judge, the Undersigned noted:

> Petitioner may pursue the remedy of a delayed appeal under Ohio R. App. P. 5 from his conviction and sentence based on claims of error that may be discerned and adjudicated solely on the basis of the record. *See Smith v. Sheriff, Hamilton Cty. Just. Ctr.*, No. 1:15-CV-333, 2016 WL 4148012, at *6 (S.D. Ohio July 13, 2016), *report and recommendation adopted*, No. 1:15-CV-333, 2016 WL 4140724 (S.D. Ohio Aug. 4, 2016) (challenges to guilty plea conviction dismissed as unexhausted where remedy of delayed appeal remained); *see also State v. Brown*, No. 97APA10-1396, 1998 WL 634943, at *3 (Ohio Ct. App. Sept. 15, 1998) ("Moreover, defendant could have filed a motion for delayed appeal pursuant to App. R. 5 if he wished to have the guilty plea reviewed on direct appeal[.]").
>
> Additionally, "in Ohio, successive post-conviction petitions are not prohibited." *Harris v. Warden, Madison Corr. Inst.,* No. 1:11-CV-414, 2012 WL 1552757, at *4 (S.D. Ohio Apr. 30, 2012), *report and recommendation adopted*, No. 1:11CV414, 2012 WL 1902435 (S.D. Ohio May 25, 2012). Therefore, "the remedy of state post-conviction relief arguably remains available to [Petitioner] to exhaust claims that may be based on evidence outside the record." *Id.*

(*Id.* (Doc. 30) at PageID 382–83).

3

In August 2024, following the dismissal of his first federal habeas corpus action, Petitioner filed a state petition for habeas corpus relief in the Ohio Supreme Court.  (Case No. 1:24-cv-602 (Doc. 1) at PageID 3).[3]  The Ohio Supreme Court *sua sponte* dismissed the cause on October 1, 2024.  (*See Id*. at PageID 3).

Approximately three weeks after the dismissal of his state-court habeas petition, Petitioner filed the instant federal Petition, as amended by Document 11, raising the following four grounds for relief:

> **GROUND ONE:**  False arrest.
>
> **Supporting Facts:**  [T]he detective made a false arrest by violating petitioner['s] *Miranda* rights.
>
> **GROUND TWO:**  False imprisonment violation of USCS 8th Amendment[,] USCS 6th Amendment, and USCS 14th Amendment equal protection of law.
>
> **Supporting Facts**:  *Taper v. Warden*[,] *Lebanon Corr. Inst*.[,] 2024 US Dist. Lexis 115519.
>
> **GROUND THREE:**  Usurpation [of Power].
>
> **Supporting Facts:**  *Taper v. Warden*[,] *Lebanon Corr. Inst*.[,] 2024 US Dist. Lexis 115519 trial court judge lack[ed] subject matter jurisdiction to render conviction.
>
> **GROUND FOUR:**  Void Judgment.
>
> **Supporting Facts:**  Absent a proper bindover procedure the juvenile court had the exclusive subject matter-jurisdiction over any case concerning a minor who was alleged to be a delinquent[.]  A judgment of conviction in a court without jurisdiction would be <u>void</u>.

(Case No. 1:24-cv-602 (Doc. 1) at PageID 6–11).  In his Memorandum in Support of Habeas Corpus Petitioner also includes claims of "Duress Per Minas" and Kidnapping.  (*Id*. (Doc. 1-1) at PageID 19).

---

[3] Viewed at:  https://www.supremecourt.ohio.gov/Clerk/ecms/#/caseinfo/2024/1198.

## II.    Legal Standard

Rule 4 of the Rules Governing Section 2254 Cases provides that the Court "must dismiss" a habeas petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* 28 U.S.C. § 2254.

The statute governing § 2254 habeas petitions contains an exhaustion requirement. *See* 28 U.S.C. § 2254(b)–(c). Specifically, the statute provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his or her state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971). Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the Ohio Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall*, 757 F.2d 94, 97, 99–100 (6th Cir. 1985).

If the petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional,

5

and an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring the exhaustion of state remedies. *See Granberry v. Greer*, 481 U.S. 129, 131 (1987).

### III. Analysis

In this case, as with his first federal habeas action, Petitioner has not exhausted any of the presented grounds for relief because he has never invoked one complete round of the State's established appellate review process. Indeed, Petitioner concedes as much in his Petition. (Case No. 1:24-cv-602 (Doc. 1) at PageID 3, 7–11, 13).

As this Court previously explained to Petitioner (*see* Case No. 1:24-cv-184 (Doc. 30) at PageID 382–83), he still has an avenue open to him in the state courts by which he may present his claims. Petitioner may pursue the remedy of a delayed appeal under Ohio R. App. P. 5 from his convictions and sentence based on claims of error that may be discerned and adjudicated solely on the basis of the record. *See Smith*, 2016 WL 4148012, at *6; *see also State*, 1998 WL 634943, at *3. And because "in Ohio, successive post-conviction petitions are not prohibited," *Harris*, 2012 WL 1552757, at *4, "the remedy of state post-conviction relief arguably remains available to [Petitioner] to exhaust claims that may be based on evidence outside the record." *Id*. As these two remedies remain, Petitioner's state-court habeas petition, filed in and *sua sponte* dismissed by the Ohio Supreme Court, did not exhaust his claims.

Further, to the extent that Petitioner reargues that exhaustion is not required in this case because the trial court never acquired jurisdiction over him through a valid bindover order (*see* Doc. 11, at PageID 127), this Court rejected the same argument in his first federal habeas case. (Case No. 1:24-cv-184 (Doc. 30) at PageID 382 n.3; (Doc. 33) at PageID 420). Section 2254 habeas corpus petitions raising a lack of jurisdiction remain subject to § 2254's exhaustion

6

requirements. *See, e.g.*, *Powell v. Wolfe*, No. 2:07-CV-00164, 2008 WL 1995214, at *5 (S.D. Ohio May 5, 2008), *report and recommendation adopted*, No. 2:07-CV-00164, 2008 WL 2491745 (S.D. Ohio June 17, 2008).

Accordingly, because Petitioner has not exhausted his available state remedies but may still pursue a motion for a delayed appeal pursuant to Ohio Appellate Rule 5(A) and/or state post-conviction relief for claims that may be based on evidence outside the record, it is **RECOMMENDED** that this action be **DISMISSED without prejudice** pursuant to Rule 4.

### Petitioner's Remaining Motions

Petitioner has also filed several motions that are pending before the Court. (*See* Docs. 9, 11).

First, in light of the Court's granting of Petitioner's motion to proceed *in forma pauperis* (Docs. 3, 8), Petitioner's motion for extension of time to pay the filing fee (Doc. 9) is **DENIED as moot.**

Second, Petitioner's motion for "undue delay" (Doc. 11), which the Court understands to be a motion to "amend[] new details to support his habeas" Petition (Doc. 11, at PageID 127) is **GRANTED**. 28 U.S.C. § 2242 provides that a habeas petition may be amended as provided in the Federal Rules of Civil Procedure. Under Fed. R. Civ. P. 15(a)(1), a party may amend a pleading once as a matter of course within 21 days of serving it or within 21 days after service of a responsive pleading. A responsive pleading has not yet been filed and the initial Petition has not yet been amended. Petitioner is thus permitted to amend his Petition as a matter of course. The Court considers this pleading (Doc. 11) to be an amendment to the Petition (Doc. 1) and has considered the amendment in issuing this Order and Report and Recommendation.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Case No. 1:24-cv-602 (Doc. 1)) be **DISMISSED without prejudice** to refiling after Petitioner exhausts his state court remedies.

2. A certificate of appealability should not issue under the standard set forth in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), because "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that Petitioner has failed to exhaust state court remedies and that this case should be dismissed without prejudice pending his exhaustion of such remedies.[4]

3. With respect to any application by Petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith." *See* Fed. R. App. P. 24(a).

**IT IS THEREFORE ORDERED THAT:**

1. Petitioner's motion for leave to proceed *in forma pauperis* (Docs. 3, 8) is **GRANTED**.

2. Petitioner's motion for extension of time to pay the filing fee (Doc. 9) is **DENIED as moot.**

3. Petitioner's motion for "undue delay" (Doc. 11), which the Court understands to be a motion to "amend[] new details to support his habeas" Petition (Doc. 11, at PageID 127), is **GRANTED**.

---

[4]Because this Court finds the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in his habeas petition. *See Slack*, 529 U.S. at 484.

8

**PROCEDURES ON OBJECTIONS:**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).

Date: December 10, 2024            /s/ Kimberly A. Jolson
                                                                               KIMBERLY A. JOLSON
                                                                              UNITED STATES MAGISTRATE JUDGE