**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| JOSHUA TAPER, | Case No. 1:24-CV-602 |
| Petitioner, | Judge Michael R. Barrett |
| v. | |
| DOUGLAS LUNEKE, | **OPINION & ORDER** |
| Respondent. | |

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") of December 10, 2024. (Doc. 16). Proper notice has been afforded to the parties under 28 U.S.C. § 636(b)(1)(C), including notice to Petitioner Joshua Taper that he could forfeit the right to further de novo review if he failed to file objections to the R&R in a timely manner. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (holding that a failure to file objections generally waives the right to appeal the district court's adoption of an R&R). Taper objects, but for the following reason, the Court will overrule his objection and adopt the R&R in full.

I. **BACKGROUND**

Because the facts of this matter substantially mirror those of Taper's last petition for a writ of habeas corpus, the following procedural background is drawn largely from the Court's order dismissing that petition. *Taper v. Warden, Lebanon Corr. Inst.*, 1:24-CV-184, 2024 U.S. Dist. LEXIS 125881 (S.D. Ohio July 17, 2024).

In September 2014, Taper was arrested and charged with murder in relation to the shooting death of Stephen Balderos. In exchange for a reduction of the charge against him to involuntary manslaughter with a firearm specification, Taper pleaded guilty and entered into an agreement with a recommended sentence of fourteen years' imprisonment. During an April 2015 plea hearing, the sentencing judge confirmed that Taper knowingly and voluntarily entered into the agreement, and also explained twice to Taper that any direct appeal must be filed within thirty days of sentencing. The judge accepted Taper's plea and imposed the agreed-upon sentence. Taper did not appeal.

In October 2022, Taper filed a motion for judicial release.[1] At the ensuing hearing, Taper argued that he had been misinformed about his plea agreement and the agreed-upon sentence. The court denied Taper's motion, though, concluding that he had agreed to a lesser charge in exchange for a lighter sentence, because "[w]hile 14 years is the maximum sentence on the reduced charges he plead guilty to, it is far less than the 18 year to life maximum sentence he faced on the indicted charges." Taper did not appeal.

Following the denial of his motion for judicial release, Taper filed his first petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Taper's petition put forth two grounds for relief: (1) state authorities violated his Fourteenth Amendment rights in 2014 by questioning him outside the presence of a legal guardian or attorney; and (2) state authorities unlawfully obtained his confession, and both his lawyers and the prosecutor withheld exculpatory evidence from him.

Upon review, the Magistrate Judge did not reach the merits of Taper's grounds for relief, finding instead that he failed to satisfy the applicable exhaustion requirement

---

[1] *See* Ohio Rev. Code § 2929.20 (defining the terms of judicial release in Ohio).

because "[a] state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration." Accordingly, the Magistrate Judge recommended dismissing Taper's habeas petition without prejudice, subject to refiling. Over Taper's objection, the Court adopted the R&R in full upon finding that "Taper's objections contain[ed] no meaningful challenge to the Magistrate Judges conclusion that he 'still has an avenue open to him in the state courts by which he may present his claims.'" *Taper*, 2024 U.S. Dist. LEXIS 125881, at *5.

Following the Court's dismissal of his petition, Taper filed a state petition for habeas relief that the Ohio Supreme Court dismissed sua sponte on October 1, 2024. *See* Case Announcements, 2024-Ohio-4713. Taper then filed the underlying petition (and amendment), raising four grounds for relief: (1) false arrest; (2) false imprisonment; (3) usurpation [of power]; and (4) void judgment. (Doc. 1, PageID 6-11). But as the Magistrate Judge explained again in the pending R&R, Taper still "has not exhausted any of the presented grounds for relief because he has never invoked one complete round of the State's established appellate review process." (Doc. 16, PageID 148).

II. **STANDARDS OF LAW**

Magistrate Judges are authorized to decide both dispositive and non-dispositive matters pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. When objections are made to a Magistrate Judge's R&R on a dispositive matter, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Upon review, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

But "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement."). And the Court "need not provide de novo review where the objections are 'frivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637-38 (6th Cir. 1986) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)).

As a general rule, "[a] federal court may not grant a writ of habeas corpus unless the applicant has exhausted all available remedies in state court." *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). "For a claim to be considered exhausted, the habeas petitioner must have fairly presented to the state courts the substance of his federal habeas corpus claim." *Alley v. Bell*, 307 F.3d 380, 386 (6th Cir. 2002) (cleaned up); *see McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000) (noting that fair presentation is satisfied "if the petitioner asserted both the factual and legal basis for his claim to the state courts"). Although exhaustion is not jurisdictional, "it is a threshold question that must be resolved" prior to the resolution of a claim on the merits. *Wagner*, 581 F.3d at 415.

### III. ANALYSIS

#### a. Habeas Relief

Taper again seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). However, just as Taper did in his previous federal habeas proceeding, he fails to substantively address the Magistrate Judge's threshold

4

finding that his claims are unexhausted and his "state-court habeas petition, filed in and *sua sponte* dismissed by the Ohio Supreme Court, did not exhaust his claims." (Doc. 16, PageID 148).

In spite of the Magistrate Judge's careful explanation of the remedies still available and the reason why all claims must first be fully exhausted in state court, Taper reiterates the legally meritless argument that exhaustion is not required in his case because the state court "lacked subject matter jurisdiction," and its judgment is therefore "void." (Doc. 19, PageID 163). Indeed, as both the Magistrate Judge and this Court have noted, "habeas corpus petitions raising a lack of jurisdiction remain subject to § 2254's exhaustion requirements." (Doc. 16, PageID 148). And because Taper otherwise merely repeats previous arguments, he has failed to preserve the matter for de novo review by the Court and his objections will be overruled.

### b. Outstanding Filings

Also pending before the Court is a motion for recusal of both Magistrate Judge Jolson and the undersigned, (Doc. 17), and a filing in which Taper "is asking the federal court to release him from <u>unlawful</u> custody an[d] put him on [an] ankle monitor until this entire case . . . get[s] resolved," (Doc. 18). As for the former, it will be denied for the reasons already made clear by the Court in *Taper v. Branch*, (No. 1:23-CV-806, Doc. 50), and *Taper v. Warden, Lebanon Corr. Inst.*, (No. 1:24-CV-184, Doc. 25). And as for the latter, it will be denied because it merely reincorporates meritless arguments and cites to cases and federal regulations that are inapplicable in this instance.

5

For the foregoing reasons, Taper's objections are **OVERRULED**; the R&R is **ADOPTED** in full; and the filings that remain outstanding are **DENIED**. Consistent with the recommendations of the Magistrate Judge:

   **I.** The petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, is **DISMISSED without prejudice**, subject to refiling upon the exhaustion of state court remedies;

   **II.** The Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this order would not be taken in good faith, and therefore **DENIES** leave to appeal in forma pauperis. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997); and

   **III.** The Court concludes that reasonable jurists would not debate this procedural ruling, *see Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), and thus **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

                                                 */s/ Michael R. Barrett*
                                                 Michael R. Barrett
                                                 United States District Judge